## IN THE UNITED STATES DISTRICT COURT
## NOTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

| | |
|---|---|
| **JOSE CONTRERAS-CHAVEZ and** ) | |
| **ELEAZAR TORRES-FUERTE, Individually** ) | |
| **and on Behalf of All Those Similarly Situated,** ) | |
| ) | **Case No.:** 2:18-cv-00212-RWS |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **LMG MMANAGEMENT, INC. d/b/a** ) | |
| **NEW SOUTH LANDSCAPE, and** ) | |
| **MARTY GIGNILLAT, Jointly and Severally,** ) | |
| ) | |
| **Defendants.** ) | |

## COLLECTIVE ACTION COMPLAINT
### (Jury Trial Demanded)

Plaintiffs, Jose Contreras-Chavez and Eleazar Torres-Fuerte, individually and

on behalf of all others similarly situated, upon personal knowledge as to themselves

and upon information and belief as to other matters, allege as follows:

## NATURE OF THE ACTION

1.     Defendants operate a landscaping business called LMG Management, Inc.,

doing business as New South Landscape, based out of Winder, GA.

2.     Plaintiff Contreras-Chavez was employed as a crew leader for LMG Management, Inc.

3.     Plaintiff Torres-Fuerte was employed as a laborer for LMG Management, Inc.

4.     Plaintiffs were paid straight-time for all hours worked, despite working in excess of 40 hours per week throughout his employment.

5.     The exact number of employees who have suffered the same unpaid overtime wage injury as Plaintiffs is unknown at this time, but believed to be at least 20 employees.

6.     Plaintiffs bring this action on behalf of themselves and all other similarly situated employees of Defendants, to recover unpaid overtime premium pay, owed to them pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 et seq, and supporting regulations.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, 1343. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

8.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions leading to this claim occurred while Plaintiffs performed work for LMG Management, Inc. serving the metro Atlanta area and other parts of the Northern District of Georgia.

9.     Additionally, venue is proper in this district because Defendants are registered with the Secretary of State with a principal office address of: PO Box 528, Winder, Georgia 30680, which is in Barrow County. Defendant Marty Gignilliat also lists his business address with the Secretary of State as 266 Dunahoo Road, Winder, Georgia 30680, which is in Barrow County.

10.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

**Plaintiffs:**

11.     Plaintiff, Jose Contreras-Chavez, was at all relevant times, an adult individual residing at 185 East Broad Street, Winder, GA 30680, which is in Barrow County.

12.     Plaintiff, Eleazar Torres-Fuerte, was at all relevant times, an adult individual residing at 185 East Broad Street, Winder, GA 30680, which is in Barrow County.

**Defendants:**

13.    Defendant LMG Management, Inc., is an active Georgia corporation. The company lists its principal place of business with the Secretary of State as: PO Box 528, Winder, Georgia 30680, which is in Barrow County.

14.    Additionally, Defendant Marty Gignilliat is an owner, officer, director and/or managing agent of LMG Management, Inc. Mr. Gignilliat is listed as the CEO of LMG Management, Inc with the Secretary of State, and his business address is listed as 266 Dunahoo Road, Winder, GA 30680.

15.    Marty Gignillat (the "Individual Defendant") participated in the day-to-day operations of LMG Management, Inc., and acted intentionally and maliciously. The Individual Defendant is considered an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d), and the regulations promulgated under 29 C.F.R. § 791.2, and is jointly and severally liable with LMG Management, Inc. (the "Corporate Defendant").

16.    Upon information and belief, the Individual Defendant jointly set the unlawful payroll policies complained of in this complaint for the Corporate Defendant.

17.    At all relevant times, Defendants have been employers of Plaintiffs, and/or joint employers within the meaning of the FLSA.

4

18.     Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000, within the meaning of 29 U.S.C. § 203(s)(1)(A)(ii).

19.     Additionally, upon information and belief, at all relevant times, Defendants have had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, in that they operate a landscaping company that obtains tools, machinery, and work vehicles from various parts of the United States, affecting interstate commerce within the meaning of 29 U.S.C. § 203(s)(1)(A)(i). Additionally, Plaintiffs have individual FLSA coverage through routinely operating the tools, machinery, and work vehicles obtained from other states in interstate commerce, which they used on a daily basis for their work.

## STATEMENT OF FACTS

20.     At all relevant times, Defendants have been in the landscaping industry, supplying customers with their landscaping needs.

21.     Upon information and belief, the Individual Defendant handles payroll and record keeping for the Corporate Defendant, and is actively involved with the Corporate Defendant's day-to-day operations.

22.   For each month throughout their employment, Plaintiffs' schedules were as follows: Two weeks in a given month, Plaintiffs worked 5 days a week, Monday through Friday. Two weeks in a given month, Plaintiffs worked six days a week, Monday through Saturday. Thus, for half of the weeks worked, they are worked five days a week, and the other half they worked six days a week.

23.   Plaintiff Contreras-Chavez was employed by Defendants as a crew leader.  Mr. Contreras-Chavez's job duties included: doing landscaping work; and chauffeuring employees to and from job sites in a work truck.  Mr. Contreras-Chavez worked from June 2010 to September 7, 2018. The relevant dates of employment for FLSA purposes for Mr. Contreras-Chavez is November 12, 2015 to September 7, 2018 (147 weeks).

24.   Mr. Contreras-Chavez was paid $20 per hour, and routinely worked 55 hours a week or more. His hours were generally from 7 a.m.-7 p.m., but would be longer or shorter, depending on the work needed for that day. These 55 hours of work consist of 50 hours of landscaping work, and approximately 5 hours of time spent chauffeuring workers in a work truck for the benefit of the employer. Mr. Contreras-Chavez would pick his co-workers up in the morning at the request of his employer,

take them to the job sites, and then drive them home in the work truck.

25.     The practice at LMG Management, Inc. was to deduct 1 hour each day from the pay check from every worker for travel time to the job sites. The 1-hour deduction for Mr. Contreras-Chavez' travel as crew lead violates the FLSA, because part of his job duties, of which he was supposed to be compensated for, was to transport workers to and from the worksites. This transporting was to the company's benefit. Therefore, Mr. Contreras-Chavez' travel is compensable work time. As a result, he is owed an additional 5 hours of overtime for each week (50 work hours + 5 travel hours=55 hours worked).

26.     Mr. Contreras-Chavez was paid straight-time for all hours worked, despite working well in excess of 40 hours per week.

27.     Plaintiff Torres-Fuerte was employed by Defendants as a laborer.  Mr. Torres-Fuerte's job duties involved performing various landscaping activities such as laying down grass and installing plants. Mr. Torres-Fuerte worked from June 1, 2017 to November 30, 2017 (30 weeks), and February 1, 2018 to October 10, 2018 (36 weeks).[1]  In total, Mr. Torres-Fuerte worked a total of 66 weeks for Defendants.

---

[1] Mr. Torres-Fuerte is still currently employed with Defendants as of the date of this filing.

28.   Mr. Torres-Fuerte was paid $13.25 per hour, and he worked an average of 50 hours per week. His hours were generally from 7 a.m.-7 p.m., but could be longer or shorter, depending on the work scheduled that day. Mr. Torres-Fuerte was paid straight-time for all hours worked, despite working well in excess of 40 hours per week. Mr. Torres-Fuerte was never compensated in overtime premium pay despite working well in excess of 40 hours each week.

29.   This failure to pay overtime premium wages to these hourly employees can only be considered a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

## FLSA COLLECTIVE ACTION ALLEGATIONS

30.    Pursuant to 29 U.S.C. §§ 207 & 216(b), Plaintiffs bring their First Cause of Action as a collective action under the FLSA on behalf of themselves and the following collective:

> All persons employed by Defendants, at any time since November 12, 2015, and through the entry of judgment in this case (the "Collective Action Period") who worked as a crew leaders, laborers, landscapers, and all other hourly workers who were not paid overtime wages (the "Collective Action Members").

31.    A collective action is appropriate in this circumstance because Plaintiffs and

the Collective Action Members are similarly situated, in that they were all subjected to Defendants' illegal policy of failing to pay an overtime premium for work performed in excess of 40 hours per week. As a result of this policy, Plaintiffs and the Collective Action Members did not receive the legally-required overtime premium payments for all hours worked in excess of 40 hours per week.

32.    The exact number of employees who have suffered the same unpaid overtime wage injury as Plaintiffs is unknown at this time, but believed to be at least 20 employees.

## FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT – UNPAID OVERTIME

33.    Plaintiffs, on behalf of themselves, the Collective Action Members, and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

34.    As a result of Defendants' failure to compensate its employees, including Plaintiffs and Collective Action Members, at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated and continue to violate the FLSA, 29 U.S.C. § 201 *et seq*.,

including 29 U.S.C. § 207(a)(1) and 215(a), for which Plaintiffs and the Collective Action Members are entitled to relief pursuant to 29 U.S.C. 216(b).

35.    Defendants have failed to pay overtime to these hourly employees, with no colorable argument as to why these workers are exempt. This constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

36.    The failure to pay overtime has caused Plaintiffs to suffer lost wages and interest thereon. Plaintiffs and Collective Action Members are entitled to recover from Defendants their unpaid overtime compensation, liquidated damages, attorney's fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

Therefore, Plaintiffs respectfully request that this Court grant the following relief:

a. An order tolling the relevant statutes of limitations;

b. An order declaring that Defendants violated the FLSA;

c. An award of unpaid overtime wages due under the FLSA;

d. An award of liquidated and/or punitive damages as a result of Defendants' willful

failure to pay overtime wages

e. An award of prejudgment and post-judgment interest;

f. An award of costs and expenses of this action together with attorney's fees;

g. Such other and further relief and this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: November 12, 2018

Respectfully submitted,

**s/ Brandon A. Thomas**
**BRANDON A. THOMAS**
**GA BAR NO.: 742344**
The Law Offices of Brandon A. Thomas, PC
1 Glenlake Parkway, Suite 650
Atlanta, GA 30328
Tel: (678) 330-2909
Fax: (678) 638-6201
brandon@overtimeclaimslawyer.com